IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL R. ANTHONY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-21-1853 |
| CASE MANAGER POWELL and SUPERVISOR SILK, | * | |
| | * | |
| Defendants. | | |

***
**MEMORANDUM OPINION**

Plaintiff, Michael R. Anthony, who is incarcerated at Dorsey Run Correctional Facility ("DRCF"), has filed a civil rights complaint and has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). ECF Nos. 1, 2. Because Mr. Anthony appears indigent, his request to proceed without pre-payment of the filing fee is granted.

The complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria. Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the court to conduct an initial screening of this complaint. The court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the reasons discussed below, Mr. Anthony's case is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Mr. Anthony states that he was transferred to DRCF which is a pre-release facility. He alleges that his case manager, Defendant Powell, and her supervisor, Defendant Silk, are interfering with placing him on work release or "any outside detail." ECF No. 1 at 2. Defendants

are taking this action because he had a "walk off" over fifteen years ago and "[t]hey call it an [e]scape." *Id.* Mr. Anthony also claims that Defendant Powell has stated that he cannot get a job because of a past charge for a sex offense in which he received a 90 day sentence. *Id.* at 3. Mr. Anthony states that he took a plea deal for a sex offense "that never happened." *Id.* Mr. Anthony seeks $115.00 per day for each day he is without a job. *Id.* at 4. Mr. Anthony does not raise any other claims in his complaint.

As a general matter, prisoners are not constitutionally entitled to participate in programs or hold job assignments. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see also Sandin v. Conner*, 515 U.S. 472 (1995), requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest. A protected liberty interest under this standard "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

In addition, "[a]bsent a state created liberty right, assignment to a work release center is within the discretion of prison officials. . . ." *Beasley v. Duncil*, 792 F. Supp. 485, 486 (S.D.W. Va. 1992), *aff'd sub nom. Hundley v. Skaff*, 9 F.3d 1106 (4th Cir. 1993) (citing *Altizer v. Paderick*, 569 F.2d 812 (4th Cir. 1978); *Gaston v. Taylor*, 946 F.2d 340 (4th Cir. 1991)). There is no liberty interest in Maryland work release programs. *See Holmes v. Robinson*, 84 Md. App. 144, 153, 578 A. 2d 294, 298 (1990) (finding no state-created liberty interest in a particular work assignment in

Maryland). Denial of participation in or removal from a work-release program is simply not an atypical and significant hardship. *See Kitchen v. Upshaw*, 286 F. 3d 179, 186-87 (4th Cir. 2002) (holding no constitutionally protected liberty interest in initial work-release determinations); *Erisman v. Campbell*, No. DKC-17-0054, 2018 WL 704850, at *7 (D. Md. Feb. 5, 2018) ("it is well established that prisoners do not have a constitutional right to access programs or to demand to be housed in one prison versus another, absent a showing of significant hardships"); *Sutton v. Maryland Div. of Correction*, No. CIV. CCB-13-774, 2013 WL 5927285, at *1 (D. Md. Oct. 31, 2013).

Mr. Anthony's complaint must be dismissed for failure to state a claim. He is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

Accordingly, the motion to proceed *in forma pauperis* will be granted and the complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Further, this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). A separate order follows.

September 30, 2021                           _____/s/_____
                                             DEBORAH K. CHASANOW
                                             United States District Judge